**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NATALIE JIREK, NANCY LEDINSKY, and JUDY TESKE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>    Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiffs, Natalie Jirek, Nancy Ledinsky, and Judy Teske, ("Plaintiffs"), individually and on behalf of all others similarly situated (collectively, the "Plaintiff Class"), by their attorneys, Caffarelli & Associates, Ltd., complain against Defendant AstraZeneca Pharmaceuticals LP ("Defendant") as follows, based upon personal knowledge as to themselves and their own experiences, and, as to all other matters, upon information and belief:

**NATURE OF ACTION**

1.  This is a class action for money damages arising from Defendant's violations of the Illinois Equal Pay Act, 820 ILCS § 112/1, *et seq.* ("IEPA"), in that Defendant paid Plaintiffs and the Plaintiff Class wages at a rate less than the rate at which Defendant paid employees of the opposite sex for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

2.  Plaintiffs seek class certification on behalf of the Plaintiff Class pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) as may be warranted, in order to proceed with this action against Defendant for claims relating to the violation of the Plaintiff Class' statutory rights under the IEPA and to recover damages based upon Defendant's actions.

## PARTIES

3. Plaintiffs were at all times relevant to this action resident citizens of Cook County, Illinois. Plaintiffs formerly performed work for the Defendant in Illinois.

4. The Plaintiff Class members are other individuals who are citizens of the State of Illinois and were subjected to Defendant's violations of the Illinois Equal Pay Act.

5. Defendant is a Delaware limited liability company with its principal office at 1800 Concord Pike in Wilmington, Delaware. At all relevant times, the Company was an "employer" of Plaintiffs as defined by the Illinois Equal Pay Act, 820 ILCS § 112/5.

## JURISDICTION AND VENUE

6. Plaintiffs bring their complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000 per person. Plaintiffs' employment during the relevant time period was physically located in the Eastern Division of the Northern District of Illinois, and most if not all acts and omissions giving rise to the material facts took place in the same location.

7. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) because it would be subject to a court of general jurisdiction in Illinois as a result of transacting business in, and/or having significant contacts with this District, as well as for being an "entity for whom employees are gainfully employed in Illinois" as specifically defined in the Illinois Equal Pay Act, 820 ILCS § 112/5. This Court has jurisdiction over Plaintiffs because they are residents of Cook County, Illinois.

8. At all relevant times, Plaintiffs lived and work for Defendant in this District, Defendant conducted business within this District, and the parties continue to live, work, and

conduct business within this District, respectively. Accordingly, venue in the Northern District of Illinois, Eastern Division, is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Plaintiffs are female pharmaceutical sales representatives who were employed by the Defendant in the State of Illinois within the past five years.

10. Defendant also employed male pharmaceutical sales representatives in the State of Illinois within the past five years.

11. In or around 2017, Plaintiff Ledinsky's regional manager told her that she was paid significantly less than male pharmaceutical sales representatives because of her sex.

12. At a Company meeting in or around February 2018, Plaintiff Ledinsky met a similarly situated male sales representative who she discovered was promoted to the same job that she held at approximately the same time, but who was being paid a higher wage than her despite the fact that they should have been in the same pay band. Ledinsky mentioned the discrepancy to her manager, who notified the Company's Human Resource Department. The Human Resources department subsequently failed to correct the pay discrepancy.

13. Subsequently, in or around November 2021, Plaintiffs were made aware that the United States Department of Labor's ("DOL") Office of Federal Contract Compliance Programs ("OFCCP") conducted a compliance review of Defendant and determined that as of October 1, 2016 AstraZeneca paid female pharmaceutical sales representatives less per year than males and other employees with the same job in violation of Executive Order 11246, which among other things prohibits discrimination in employment decisions on the basis of sex.

14. After receiving notice of the OFCCP's findings, Plaintiff Ledinsky contacted the regional manager who previously told her that she was underpaid because of her sex. The regional manager indicated that he was not surprised by the OFCCP's findings.

15. Upon information and belief, Defendant did not alter its pay practices following the initiation of the DOL's OFCCP investigation, and through this day has continued paying female pharmaceutical sales representatives less than their male counterparts.

16. As alleged herein, Defendant's practice of paying female pharmaceutical sales representatives less than their male counterparts violated the IEPA.

17. In light of the fact that Defendant was aware of the DOL investigations into its pay practices as early as 2016, it should have separately investigated, discovered and rectified the pay disparities described herein. Its failure to do so was willful and wanton, and displayed a callous disregard for the rights of the Plaintiffs and the Plaintiff Class and warranting the imposition of punitive damages under the IEPA.

18. The fact that a member of Defendant's management also recognized the pay disparities described herein, Defendant's Human Resources Department was notified of such pay disparities, and that the Defendant failed to correct such disparities despite that knowledge, also warrants the imposition of punitive damages under the IEPA.

**CLASS ALLEGATIONS**

19. Upon information and belief, the practices, policies, and consequences pertinent to Defendant's payment practices as described above applied to each Plaintiff Class member.

20. Upon information and belief, Defendant employs at least 50 individuals in Illinois who are similarly situated persons and potential Plaintiff Class members.

21.     **Class Definition:** Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) on behalf of themselves and an Illinois Equal Pay Act Class of similarly situated individuals, defined as follows:

> **All female pharmaceutical sales representatives employed by AstraZeneca in the State of Illinois from December 31, 2016 to the present date.**

22.     **Numerosity:** The exact number of Plaintiff Class members is unknown to Plaintiffs at this time, but upon observation, information and belief, it is at least 50 individuals, making individual joinder impracticable. Ultimately, the Plaintiff Class members will be easily identified through Defendant's records.

23.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Plaintiff Class, and those questions predominate over any questions that may affect individual members of the Plaintiff Class. Common questions for the Plaintiff Class include, but are not necessarily limited to whether Defendant paid female pharmaceutical sales representatives at a rate less than the rate at which it paid male pharmaceutical sales representatives and how Defendant determined what to pay male and female pharmaceutical sales representatives during the relevant time period.

24.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Plaintiff Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs are adequate representatives of the Plaintiff Class because all potential plaintiffs were subject to Defendant's uniform policies and practices. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Plaintiff Class, and have the financial

resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Plaintiff Class.

25. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Plaintiff Class is impracticable. The damages suffered by the individual members of the Plaintiff Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Plaintiff Class to obtain effective relief from Defendant's misconduct. Even if members of the Plaintiff Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I – ILLINOIS EQUAL PAY ACT: PAY DISCRIMINATION

26. Plaintiffs restate and incorporate the foregoing allegations as though fully set forth herein.

27. The Illinois Equal Pay Act makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for the same or substantially similar work on jobs the performance of which requires substantially similar skill,

effort, and responsibility, and which are performed under similar working conditions, except under certain conditions. 820 ILCS 112/10(a).

28. "Employee" under the Illinois Equal Pay Act is defined as "any individual permitted to work by an employer." 820 ILCS 112/5.

29. "Employer" under the Illinois Equal Pay Act is defined as "an individual, partnership, corporation, association, business, trust, person, or entity for whom employees are gainfully employed in Illinois and includes the State of Illinois, any state officer, department, or agency, any unit of local government, and any school district." *Id.*

30. Plaintiffs were employees of Defendant at all times relevant to this Complaint, and Defendant was Plaintiffs' employer at all times relevant to this Complaint. *See id.*

31. Defendant set the rates of Plaintiffs' and all pharmaceutical sales representatives' pay at all times relevant to this Complaint.

32. Upon information and belief, Defendant paid female pharmaceutical sales representatives less than it paid male pharmaceutical sales representatives.

33. Defendant's practice of paying female pharmaceutical sales representatives less than their male counterparts described herein violated the Illinois Equal Pay Act.

WHEREFORE, Plaintiffs, individually and on behalf of other similarly situated individuals, respectfully request that this Honorable Court enter judgment in favor of Plaintiff and against Defendant and grant them the following relief:

a) Certifying this case as a class action on behalf of the Plaintiff Class defined above, appointing Plaintiffs as representatives of the Plaintiff Class, and appointing Plaintiffs' counsel as Class Counsel;

b) Awarding the entire amount of the disparity in pay from December 31, 2016 to the present day, between Plaintiffs and the Plaintiff Class and their similarly-situated male counterparts;

c)  Enjoining the Defendant from violating the IEPA in the future;

d)  Awarding pre- and post-judgment interest, to the extent allowable;

e)  Awarding compensatory damages, to the extent allowable;

f)  Awarding punitive damages, to the extent allowable;

g)  Awarding reasonable litigation expenses and attorneys' fees and costs; and

h)  Any further relief that is deemed just and equitable.

Dated: December 30, 2021                                         Respectfully submitted,

Alejandro Caffarelli (#6239078)                                  NATALIE JIREK, NANCY LEDINSKY, and
Nicole Young (#6333586)                                          JUDY TESKE, individually and on behalf of all
Caffarelli & Associates Ltd.                                     others similarly situated,
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880                                              By: /s/ Alejandro Caffarelli
*acaffarelli@caffarelli.com*                                            One of Plaintiffs' Attorneys
*nyoung@caffarelli.com*