IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATALIE JIREK, NANCY LEDINSKY, and JUDY TESKE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS LP,<br><br>Defendant. | Case No. 1:21-cv-06929<br><br>**Judge Sara L. Ellis**<br><br>Magistrate Judge Sunil. R. Harjani |

### FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs, Natalie Jirek, Nancy Ledinsky, and Judy Teske, ("Plaintiffs"), individually and on behalf of all others similarly situated under the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("EPA") (collectively, the "Plaintiff Collective") and the Illinois Equal Pay Act, 820 ILCS § 112/1, *et seq.* ("IEPA") (collectively, the "Plaintiff Class"), by their attorneys, Caffarelli & Associates, Ltd., complain against Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca" or the "Company") as follows, based upon personal knowledge as to themselves and their own experiences, and, as to all other matters, upon information and belief:

### NATURE OF ACTION

1. This lawsuit arises from Defendant's violations of the EPA and the IEPA, in that Defendant paid Plaintiffs, the Plaintiff Collective, and the Plaintiff Class wages at a rate less than the rate at which Defendant paid employees of the opposite sex for the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

2. Plaintiffs bring this lawsuit as a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") in order to proceed with this action against Defendant for claims relating to the violation of the Plaintiff Collective's statutory rights under the

EPA, and to recover damages based upon Defendant's actions. Plaintiffs' consent forms are attached as Exhibit A.

3. Plaintiffs also seek class certification on behalf of the Plaintiff Class pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) as may be warranted, in order to proceed with this action against Defendant for claims relating to the violation of the Plaintiff Class' statutory rights under the IEPA, and to recover damages based upon Defendant's actions.

## PARTIES

4. Plaintiffs Jirek and Teske were at all times relevant to this action citizens of Will County, Illinois.

5. Plaintiff Ledinsky was at all times relevant to this action a resident citizen of Cook County, Illinois.

6. Plaintiffs formerly performed work for Defendant in Illinois.

7. The Plaintiff Collective and Plaintiff Class members are other individuals who were subjected to Defendant's violations of the EPA and IEPA, respectively.

8. Plaintiffs and members of the Plaintiff Collective were, at all relevant times, "employees" within the definition of the EPA, 29 U.S.C. § 203(e)(1).

9. Plaintiffs and members of the Plaintiff Class were, at all relevant times, "employees" within the definition of the and the IEPA, 820 ILCS § 112/5.

10. Defendant is a Delaware limited liability company with its principal office at 1800 Concord Pike in Wilmington, Delaware. At all relevant times, the Company was an "employer" of Plaintiffs as defined by the EPA, 29 U.S.C. § 203(d), and the IEPA, 820 ILCS § 112/5.

11. Defendant is an enterprise as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, as well as under Section 16(b) of the FLSA, as amended 29 U.S.C. § 216(b), and as incorporated into the EPA. This Court has supplemental jurisdiction over Plaintiffs' IEPA claim pursuant to 28 U.S.C. § 1367.

13. The named Plaintiffs' employment during the relevant time period was physically located in the Eastern Division of the Northern District of Illinois, and a substantial part of the events giving rise to the claims alleged took place in the same location.

14. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) because it would be subject to a court of general jurisdiction in Illinois as a result of transacting business in, and/or having significant contacts with this District, as well as for being an "entity for whom employees are gainfully employed in Illinois" as specifically defined in the IEPA, 820 ILCS § 112/5. This Court has jurisdiction over Plaintiffs because they are residents of counties within this District.

15. At all relevant times, the named Plaintiffs lived and work for Defendant in this District, Defendant conducted business within this District, and the parties continue to live, work, and conduct business within this District, respectively. Accordingly, venue in the Northern District of Illinois, Eastern Division, is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

16. Plaintiffs and members of the Plaintiff Class are females employed in various sales positions at AstraZeneca in the State of Illinois at any time from December 30, 2016 through the present.

17. Plaintiffs and members of the Plaintiff Collective are females employed in sales positions at AstraZeneca at any time within the past three years.

18. Throughout their employment, the main job responsibilities of the Plaintiffs, the Plaintiff Collective, and the Plaintiff Class were to market and sell their assigned AstraZeneca products and service their respective client accounts.

19. Throughout their employment, Plaintiffs and members of the Plaintiff Class worked in various counties throughout Illinois.

20. At all relevant times, Defendant also employed male sales representatives in the same or similar sales positions in the same counties within Illinois as Plaintiffs.

21. Additionally, at all relevant times, Defendant employed male sales representatives in the same or similar sales positions as Plaintiffs throughout the country.

22. Defendant uses a level system that ascribes the applicable pay range for all sales employees regardless of their territory, position, or department.

23. All sales employees, male and female, are promoted through the level system, regardless of their respective territory, position, or department.

24. In or around 2017, Plaintiff Ledinsky's then regional manager, Derrik Winston (male), told her that she was paid significantly less than male sales representatives in the same or similar sales positions, because of her sex.

25. In or around May 2017, Plaintiff Jirek went from a Level 4 Executive Respiratory Specialty Care Representative to an oncology sales representative position, without any adjustment in pay.

26. Approximately eight months later, Plaintiff Jirek learned that her position was downgraded to a Level 3 without cause. Plaintiff Jirek informed her reporting manager about the change, who notified the Company's Human Resources Department. The Human Resources Department subsequently changed Plaintiff Jirek's position back to a Level 4, but without adjusting her pay.

27. In or around December 2017, Plaintiff Ledinsky went from a Level 4 Cardiology Hospital Sales Representative to an oncology sales representative position.

28. Although this was considered a promotion, Plaintiff Ledinsky was informed by Company management that her new position would be at a Level 3 with a significantly lower wage. The only reason she was given for her lowered level was that she lacked previous oncology experience.

29. Shortly thereafter, at a Company meeting in or around February 2018, Plaintiff Ledinsky met a male colleague who had, just like her, recently been promoted from a Level 4 Cardiology Hospital Sales Representative to the same oncology sales representative position. Despite also lacking previous oncology experience, the male colleague was not stripped of his Level 4 status, and thus was paid a higher wage than Plaintiff Ledinsky.

30. Plaintiff Ledinsky mentioned the discrepancy to her manager, Steven Ward (male), who notified the Company's Human Resources Department. The Human Resources Department still failed to correct the pay discrepancy and did not explain it to Plaintiff Ledinsky.

5

31. Following the complaint to her manager, Plaintiff Ledinsky's job title was changed back to a Level 4; however, her pay did not change.

32. In or around November 2021, Plaintiffs received a Release of Claims Under Executive Order 11246 ("Release") in the mail, which stated that the United States Department of Labor's ("DOL") Office of Federal Contract Compliance Programs ("OFCCP") conducted a compliance review of Defendant and determined that, during the audit period of October 1, 2015 through September 30, 2016, AstraZeneca paid female sales employees less per year than men in similar positions in violation of Executive Order 11246, which among other things prohibits discrimination in employment decisions on the basis of sex. See, e.g., Exhibit B, Release.

33. Specifically, the Conciliation Agreement between the Department of Labor OFCCP and AstraZeneca ("Conciliation Agreement")[1] notes that the OFCCP alleges that AstraZeneca discriminated against female employees in Specialty Care Sales Representative Level 4 positions on the basis of their sex in compensation in violation of 41 CFR 60-1.4(a)(1) and 60-20.4. See Exhibit C, Conciliation Agreement.

34. The Conciliation Agreement explains that the OFCCP conducted a review of the compensation practices for Specialty Care Sales Representative Level 4 positions and found that, as of October 1, 2016 and during the audit period, on average AstraZeneca paid 295 women $2,182.07 less than 228 men in similar positions. The OFCCP further determined that these differences in pay were based on sex. Exhibit C.

35. From October 1, 2015 and to September 30, 2016, Plaintiffs were employed as Level 4 Specialty Care Sales Representatives. Specifically, Plaintiff Jirek was a Level 4 Executive Respiratory Specialty Care Representative, Plaintiff Ledinsky was a Level 4 Executive

---

[1] Plaintiffs only have access to the publicly available redacted version of the Conciliation Agreement.

6

Cardiovascular Hospital Representative, and Plaintiff Teske was a Level 4 Executive Health System Specialist.

36. After receiving the Release, Plaintiff Ledinsky contacted Mr. Winston, the regional manager who previously told her that she was underpaid because of her sex. Mr. Winston indicated that he was not surprised by the OFCCP's findings.

37. Upon information and belief, Defendant did not alter its pay practices following the initiation of the DOL's OFCCP investigation, and through this day has continued paying female sales employees across all departments and across all levels throughout the country less than their similarly situated male sales employee counterparts.

38. As alleged herein, Defendant's practice of paying Plaintiffs and all female sales employees less than their similarly situated male counterparts violated the EPA and IEPA.

39. In light of the fact that Defendant was aware of the DOL investigations into its pay practices at least as early as 2016, it should have separately investigated, discovered and rectified the pay disparities described herein. Its failure to do so was willful and wanton, and displayed a callous disregard for the rights of the Plaintiffs, the Plaintiff Collective, and the Plaintiff Class and warrants the imposition of punitive damages under the IEPA.

40. The fact that a member of Defendant's management also recognized the pay disparities described herein, Defendant's Human Resources Department was notified of such pay disparities, and that the Defendant failed to correct such disparities despite that knowledge, also warrants the imposition of punitive damages under the IEPA.

## COLLECTIVE ACTION ALLEGATIONS

41. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by the Plaintiff Collective, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who

7

have been damaged by Defendant's failure to comply with 29 U.S.C. § 206 *et. seq.* and § 251 *et. seq.* and 29 U.S.C. § 206(d). The Plaintiff Collective is defined as follows:

> **All females employed by AstraZeneca in sales positions** within the applicable statute of limitations prior to the filing of the Complaint in this action **to the present day.**

In the alternative, the Plaintiff Collective is defined as follows:

> **All females employed by AstraZeneca in Level 4 Specialty Care Sales Representative positions** within the applicable statute of limitations prior to the filing of the Complaint in this action **to the present day.**

42. Plaintiffs are similarly situated to past and present female employees of the Defendant who performed the same or similar job duties and have been compensated pursuant to the same policies and practices.

43. Plaintiffs and similarly situated individuals have been subject to common personnel policies that result in a failure to provide equal pay to female sales employees as compared to male sales employees.

44. During all relevant times, Defendant had a common policy and practice regarding the payment of wages that resulted in the payment of unequal, lower wages to female employees as compared with male employees or the same or substantially similar work on jobs the performance of which required substantially similar skill, effort, and responsibility, and which were performed under similar working conditions.

45. For all members of the Plaintiff Collective to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Collective, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b) and the Equal Pay Act.

8

46. Pursuant to 29 U.S.C. § 216(b) and the EPA, the Court should, in addition to any judgment awarded the Plaintiff Collective, allow reasonable attorneys' fees and costs of the action to be paid by Defendant.

47. In order to bring this cause of action, it has been necessary for the named Plaintiffs and will become necessary for the other members of the Plaintiff Collective, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation and with respect to being paid equal pay for equal work.

## CLASS ALLEGATIONS

48. Upon information and belief, the practices, policies, and consequences pertinent to Defendant's payment practices as described above applied to each Plaintiff Class member.

49. Upon information and belief, Defendant employs at least 50 individuals in Illinois who are similarly situated persons and potential Plaintiff Class members.

50. **Class Definition:** Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(1), (2), (3), and/or Fed. R. Civ. P. 23(c)(4) on behalf of themselves and class of similarly situated individuals, defined as follows:

> **All females employed by AstraZeneca in sales positions in Illinois from December 30, 2016 to the present day.**

In the alternative, the Plaintiff class is defined as follows:

> **All females employed by AstraZeneca in Level 4 Specialty Care Sales Representative positions in Illinois from December 30, 2016 to the present day.**

51. **Numerosity:** The exact number of Plaintiff Class members is unknown to Plaintiffs at this time, but upon observation, information, and belief, it is at least 50 individuals, making individual joinder impracticable. Ultimately, the Plaintiff Class members will be easily identified through Defendant's records.

9

52. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Plaintiff Class, and those questions predominate over any questions that may affect individual members of the Plaintiff Class. Common questions of law and fact include, but are not necessarily limited to, whether Defendant paid female employees in sales positions at a rate less than the rate at which it paid male employees in sales positions and how Defendant determined what to pay male and female employees in sales positions during the relevant time period.

53. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Plaintiff Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs are adequate representatives of the Plaintiff Class because all potential plaintiffs were subject to Defendant's uniform policies and practices. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Plaintiff Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Plaintiff Class.

54. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Plaintiff Class is impracticable. The damages suffered by the individual members of the Plaintiff Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Plaintiff Class to obtain effective relief from Defendant's misconduct. Even if

members of the Plaintiff Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### COUNT I – EQUAL PAY ACT: PAY DISCRIMINATION
### (National Collective Action on Behalf of All Sales Employees)

55. Plaintiffs restate and incorporate Paragraphs 1 through 43 as though fully set forth herein.

56. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 206(d)(1). Plaintiffs attach as <u>Exhibit A</u> their Notices of Consent to Become Party Plaintiffs in a Collective Action under the FLSA.

57. The EPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1).

58. "Employee" under the EPA is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

59. "Employer" under the EPA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does

not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

60. Plaintiffs and the Plaintiff Collective members were employees of Defendant at all times relevant to this Complaint, and Defendant was Plaintiffs' employer at all times relevant to this Complaint.

61. Defendant set the rates of Plaintiffs' and all sales employees' pay at all times relevant to this Complaint.

62. Upon information and belief, throughout the statutory period, Defendant paid female employees in sales positions less than it paid male employees in sales positions.

63. Defendant's practice of paying female employees in sales positions less than male employees in sales positions described herein violated the EPA.

WHEREFORE, Plaintiffs Natalie Jirek, Nancy Ledinsky, and Judy Teske, individually and on behalf of other similarly situated individuals, respectfully request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant and grant them the following relief:

a) Certifying this case as a Collective Action pursuant to 29 U.S.C. § 216(b);

b) Awarding the entire amount of the disparity in pay from December 30, 2018 to the present day, between Plaintiffs and the Plaintiff Collective and their similarly-situated male counterparts;

c) Awarding liquidated damages pursuant to 29 U.S.C. § 216(b);

d) Enjoining the Defendant from violating the EPA in the future;

e) Awarding pre- and post-judgment interest, to the extent allowable;

f) Awarding reasonable litigation expenses and attorneys' fees and costs; and

g) Any further relief that is deemed just and equitable.

## COUNT II – EQUAL PAY ACT: PAY DISCRIMINATION
## IN THE ALTERNATIVE TO COUNT I
**(National Collective Action on Behalf of Level 4 Specialty Care Sales Representatives)**

64. This Count II is brought in the alternative to Count I.

65. Plaintiffs restate and incorporate Paragraphs 1 through 43 as though fully set forth herein.

66. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. § 206(d)(1). Plaintiffs attach as <u>Exhibit A</u> their Notices of Consent to Become Party Plaintiffs in a Collective Action under the FLSA.

67. The EPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1).

68. "Employee" under the EPA is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

69. "Employer" under the EPA is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

70. Plaintiffs and the Plaintiff Collective members were employees of Defendant at all times relevant to this Complaint, and Defendant was Plaintiffs' employer at all times relevant to this Complaint.

71. Defendant set the rates of Plaintiffs' and all sales employees' pay at all times relevant to this Complaint.

72. Upon information and belief, throughout the statutory period, Defendant paid female Level 4 Specialty Care Sales Representatives less than similarly situated male Level 4 Specialty Care Sales Representatives.

73. Defendant's practice of paying female Level 4 Specialty Care Sales Representatives less than similarly situated male counterparts described herein violated the EPA.

WHEREFORE, Plaintiffs Natalie Jirek, Nancy Ledinsky, and Judy Teske, individually and on behalf of other similarly situated individuals, respectfully request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant and grant them the following relief:

h) Certifying this case as a Collective Action pursuant to 29 U.S.C. § 216(b);

i) Awarding the entire amount of the disparity in pay from December 30, 2018 to the present day, between Plaintiffs and the Plaintiff Collective and their similarly-situated male counterparts;

j) Awarding liquidated damages pursuant to 29 U.S.C. § 216(b);

k) Enjoining the Defendant from violating the EPA in the future;

l) Awarding pre- and post-judgment interest, to the extent allowable;

m) Awarding reasonable litigation expenses and attorneys' fees and costs; and

n) Any further relief that is deemed just and equitable.

### COUNT III – ILLINOIS EQUAL PAY ACT: PAY DISCRIMINATION
(Illinois Class Action on Behalf of All Sales Employees)

74. Plaintiffs restate and incorporate Paragraphs 1 through 36 and 44 through 50 as though fully set forth herein.

75. The IEPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the

employer pays wages to an employee of the opposite sex for the same or substantially similar work on jobs the performance of which requires substantially similar skill, effort, and responsibility, and which are performed under similar working conditions, except under certain conditions. 820 ILCS 112/10(a).

76. "Employee" under the IEPA is defined as "any individual permitted to work by an employer." 820 ILCS 112/5.

77. "Employer" under the IEPA is defined as "an individual, partnership, corporation, association, business, trust, person, or entity for whom employees are gainfully employed in Illinois and includes the State of Illinois, any state officer, department, or agency, any unit of local government, and any school district." *Id.*

78. Plaintiffs were employees of Defendant at all times relevant to this Complaint.

79. Defendant was Plaintiffs' employer at all times relevant to this Complaint.

80. Defendant set the rates of Plaintiffs' and all sales employees' pay at all times relevant to this Complaint.

81. Upon information and belief, throughout the statutory period, Defendant paid female employees in sales positions less than it paid male employees in sales positions.

82. Defendant's practice of paying female employees in sales positions less than male employees in sales positions described herein violated the IEPA.

WHEREFORE, Plaintiffs, Natalie Jirek, Nancy Ledinsky, and Judy Teske, individually and on behalf of other similarly situated individuals, respectfully request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant and grant them the following relief:

o) Certifying this case as a class action on behalf of the Plaintiff Class defined above, appointing Plaintiffs as representatives of the Plaintiff Class, and appointing Plaintiffs' counsel as Class Counsel;

p) Awarding the entire amount of the disparity in pay from December 30, 2016 to the present day, between Plaintiffs and the Plaintiff Class and their similarly-situated male counterparts;

q) Enjoining the Defendant from violating the IEPA in the future;

r) Awarding pre- and post-judgment interest, to the extent allowable;

s) Awarding compensatory damages, to the extent allowable;

t) Awarding punitive damages, to the extent allowable;

u) Awarding reasonable litigation expenses and attorneys' fees and costs; and

v) Any further relief that is deemed just and equitable.

## COUNT IV – ILLINOIS EQUAL PAY ACT: PAY DISCRIMINATION IN THE ALTERNATIVE TO COUNT III
**(Illinois Class Action on Behalf of all Level 4 Specialty Care Sales Representatives)**

83. This Court IV is stated in the alternative to Count III.

84. Plaintiffs restate and incorporate Paragraphs 1 through 36 and 44 through 50 as though fully set forth herein.

85. The IEPA makes it unlawful for an employer to discriminate between employees on the basis of sex by paying wages to an employee at a rate less than the rate at which the employer pays wages to an employee of the opposite sex for the same or substantially similar work on jobs the performance of which requires substantially similar skill, effort, and responsibility, and which are performed under similar working conditions, except under certain conditions. 820 ILCS 112/10(a).

86. "Employee" under the IEPA is defined as "any individual permitted to work by an employer." 820 ILCS 112/5.

87. "Employer" under the IEPA is defined as "an individual, partnership, corporation, association, business, trust, person, or entity for whom employees are gainfully employed in

Illinois and includes the State of Illinois, any state officer, department, or agency, any unit of local government, and any school district." *Id.*

88. Plaintiffs were employees of Defendant at all times relevant to this Complaint.

89. Defendant was Plaintiffs' employer at all times relevant to this Complaint.

90. Defendant set the rates of Plaintiffs' and all sales employees' pay at all times relevant to this Complaint.

91. Upon information and belief, throughout the statutory period, Defendant paid female Level 4 Specialty Care Sales Representatives less than it paid male Level 4 Specialty Care Sales Representatives.

92. Defendant's practice of paying female Level 4 Specialty Care Sales Representatives less than their male counterparts described herein violated the IEPA.

WHEREFORE, Plaintiffs, Natalie Jirek, Nancy Ledinsky, and Judy Teske, individually and on behalf of other similarly situated individuals, respectfully request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant and grant them the following relief:

- w)  Certifying this case as a class action on behalf of the Plaintiff Class defined above, appointing Plaintiffs as representatives of the Plaintiff Class, and appointing Plaintiffs' counsel as Class Counsel;

- x)  Awarding the entire amount of the disparity in pay from December 30, 2016 to the present day, between Plaintiffs and the Plaintiff Class and their similarly-situated male counterparts;

- y)  Enjoining the Defendant from violating the IEPA in the future;

- z)  Awarding pre- and post-judgment interest, to the extent allowable;

- aa) Awarding compensatory damages, to the extent allowable;

- bb) Awarding punitive damages, to the extent allowable;

- cc) Awarding reasonable litigation expenses and attorneys' fees and costs; and

- dd) Any further relief that is deemed just and equitable.

| | |
|---|---|
| Dated: March 16, 2022 | Respectfully submitted, |
| Alejandro Caffarelli (#6239078)<br>Nicole Young (#6333586)<br>Caffarelli & Associates Ltd.<br>224 S. Michigan Ave., Ste. 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880<br>*acaffarelli@caffarelli.com*<br>*nyoung@caffarelli.com* | NATALIE JIREK, NANCY LEDINSKY, and JUDY TESKE, individually and on behalf of all others similarly situated,<br><br>By: /s/ Alejandro Caffarelli<br>     One of Plaintiffs' Attorneys |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the attached document, **Plaintiffs' First Amended Collective and Class Action Complaint**, to the parties listed below by electronically filing the same with the Clerk of the U.S. District Court of the Northern District of Illinois on March 16, 2022.

Jonathan D. Lotsoff (*jonathan.lotsoff@morganlewis.com*)
James P. Looby (*james.looby@morganlewis.com*)
MORGAN, LEWIS & BOCKIUS LLP
110 N. Wacker Dr., 28th Floor
Chicago, Illinois 60606


Andrea N. Threet (admitted pro hac vice) (*andrea.threet@morganlewis.com*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004


                                              /s/ Alejandro Caffarelli
                                              One of Plaintiffs' attorneys